```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
JONATHAN LOPEZ,               :
                              :    Civ. No. 19-11711 (NLH)(AMD)
          Plaintiff,          :
                              :
     v.                       :
                              :
OFFICER STEVEN SIMPKINS,      :    OPINION
et al.,                       :
                              :
          Defendants.         :
_____:
```

APPEARANCE:

Jonathan Lopez
Ancora Psychiatric Hospital
301 Spring Garden Road
Ancora, NJ 08037

    Plaintiff pro se

HILLMAN, District Judge

  I.   INTRODUCTION

    Plaintiff is proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Previously, this Court granted Plaintiff in forma pauperis status.  See ECF No. 6.

    At this time, this Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such

relief. For the reasons set forth below, the complaint will proceed in part and be dismissed with and without prejudice in part.

II.  BACKGROUND

The allegations of the complaint are construed as true for purposes of this screening opinion. Plaintiff names several Defendants in his complaint; specifically:

1. Officer Steven Simpkins
2. Sergeant Andrew Riddle
3. Sergeant Michael Stockton
4. Captain Liber
5. Warden John Cuzzupe
6. Sergeant Borkowski
7. Robin Morante
8. Officer Ed McCormick
9. Deputy Attorney General Lauren Scarpa-Yfantis
10. Deputy Attorney General Cassandra Montalto
11. Officer Rich Langley
12. Investigations Officer Brooks
13. Detective Sergeant G. Alberico
14. Detective Sergeant First Class N.A. Hickey
15. John Does 1-10
16. Jane Does 1-10

Plaintiff was a pretrial detainee at the Salem County Correctional Facility ("SCCF") at the time he initiated this action. See ECF No. 1 at 3. Plaintiff states Defendant Simpkins, who works at SCCF, lied when he filed a report and subsequently told investigators he heard Plaintiff issuing terroristic threats that Plaintiff intended to shoot his judge in the head when he got out of prison. See id.

2

Plaintiff alleges Simpkins reported his "lies" to Defendants Riddle, Stockton, Liber, Cuzzupe, Brooks and Langley. See id. Simpkins' incident report - which Plaintiff attaches to his complaint - is dated February 26, 2019 and states as follows:

> While making me [sic] 1500 rounds Inmate Lopez approached his cell door and told me "when I get out of this place I am going to find my judge and shoot him in the head" because the judge didn't believe he had a mental condition.

ECF No. 1 at 20. Plaintiff states the incident report was then shown to Defendants Morante, Alberico and Hickey. See id. at 9. These Defendants then contacted Defendant Scarpa-Yfantis. Scarpa-Yfantis subsequently directed Alberico and Hickey to charge and arrest Plaintiff for making terroristic threats. She also directed Defendant Montalto to prosecute Plaintiff. See id. Plaintiff states it was only due to Simpkins' lies that he was prosecuted. See id. at 9, 11.

Plaintiff sues Defendants for false arrest, unlawful imprisonment, malicious prosecution and due process violations. He seeks monetary and injunctive relief.

III. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in

which a prisoner is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit.

To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A]

4

pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

In addition to the allegations within a complaint, this Court may consider exhibits Plaintiff attached to the complaint in screening this complaint pursuant to the Rule 12(b)(6) standard.  See Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007).

Pro se pleadings, as always, will be liberally construed. See Haines v. Kerner, 404 U.S. 519 (1972).  Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any
> statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the
> District of Columbia, subjects, or causes to
> be subjected, any citizen of the United
> States or other person within the
> jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities
> secured by the Constitution and laws, shall
> be liable to the party injured in an action
> at law, suit in equity, or other proper
> proceeding for redress, except that in any
> action brought against a judicial officer
> for an act or omission taken in such
> officer's judicial capacity, injunctive

>  relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); see also West v. Atkins, 487 U.S. 42, 48 (1988).

IV. DISCUSSION

A. Unlawful-False Arrest/Unlawful-False Imprisonment

Plaintiff claims Defendants unlawfully arrested and unlawfully imprisoned him pursuant to that arrest.  He claims his arrest lacked probable cause because it was only based on Simpkins' "lies" and/or "misinterpreted words."

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause."  James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 634 (3d Cir.1995); Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir.1988)).  A claim for false imprisonment arises when a person is arrested without probable cause and is subsequently detained pursuant to that unlawful arrest.  See Adams v. Officer Eric

6

Selhorst, 449 F. App'x 198, 201 (3d Cir. 2011) (per curiam) (citing Groman, 47 F.3d at 636). Thus, a claim of false imprisonment in this context is derivative of a claim for arrest without probable cause. See Johnson v. Camden Cnty. Prosecutors' Office, No. 11-3588, 2012 WL 273887, at 4 n. 2 (D.N.J. Jan. 31, 2012) (citing Groman, 47 F.3d at 636).

"'Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000) (quoting Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir. 1995)); see also Minatee v. Phila. Police Dep't, 502 F. App'x 225, 228 (3d Cir. 2012) (citation omitted). The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial. See Wright v. City of Phila., 409 F.3d 595, 602 (3d Cir. 2005); see also Minatee, 502 F. App'x at 228 (citation omitted).

In New Jersey, a person is guilty of making terroristic threats if "he threatens to commit any crime of violence with the purpose to terrorize another or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public

inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience." N.J. Stat. Ann. § 2C:12-3(a).

At this early stage of the proceedings, Plaintiff's unlawful arrest/unlawful imprisonment claims against Simpkins and Alberico will be allowed to proceed. After Simpkins filed his incident report explaining Plaintiff told him, "when I get out of this place I am going to find my judge and shoot him in the head," Alberico interviewed Simpkins. Simpkins gave a sworn statement to Alberico reiterating what was in his incident report. See ECF No. 1 at 24.

Prior to this interview, however, Morante, Chief of the Judicial Security Unit of the New Jersey Administrative Office of Courts, told Alberico that Judge Christine Allen Jackson was the judge presiding over Plaintiff's case. See id. at 23. Thus, Alberico knew Plaintiff's judge was female as opposed to male prior to arresting Plaintiff. Thereafter, Alberico prepared a warrant which was reviewed by a Salem City Municipal Court Judge who determined there was probable cause for the issuance of a warrant complaint. See id.; see also id. at 13-19 (Complaint-Warrant).

Plaintiff's complaint raises two separate issues that purportedly allege a lack of probable cause for his arrest. First, he states that Simpkins lied regarding what he heard Plaintiff tell him. It is true that Alberico, as the arresting

8

officer, could rely on a credible report from a credible witness as to what that witness heard Plaintiff say to establish probable cause to arrest Plaintiff for making a terrorist threat.  See, e.g., Merkle, 211 F.3d at 790.  However, that Alberico knew at the time of the arrest that Plaintiff's judge was female casts some doubt as to the credibility of the sole witness to the crime, Simpkins.  Simpkins' inaccuracy as to the proper pronoun of the judge who had Plaintiff's case makes Plaintiff's allegation Simpkins' lied about what he heard more plausible.  And Alberico's apparent willingness to take Simpkins' statement at face value despite the wrong gender of the purported victim has a tendency to undermine a finding of probable cause.  Plaintiff's allegation that Simpkins' lied about what he heard is entitled to credence at this screening stage given Simpkins' inaccuracy of the proper pronoun.

Accordingly, Plaintiff's unlawful arrest/unlawful imprisonment claim against Simpkins shall proceed.  See Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1126-27 (9th Cir. 2002) (coroner's false report that plays material role in false arrest can support a § 1983 claim).  Furthermore, given Alberico's knowledge of the gender of Plaintiff's assigned judge prior to arresting Plaintiff, Plaintiff's unlawful arrest/unlawful imprisonment claim against Alberico shall also

proceed as Plaintiff has sufficiently alleged Alberico lacked probable cause.[1]

However, Plaintiff's unlawful arrest/unlawful imprisonment claims against the other Defendants are dismissed without prejudice for failure to state a claim.  Plaintiff alleges Scarpa-Yfantis ordered the arrest of Plaintiff.  See ECF No. 1 at 9.  An exhibit attached to the complaint states Alberico provided Scarpa-Yfantis with the facts of "this case."  See id. at 23.  However, lacking in the complaint is an allegation that Scarpa-Yfantis had the same knowledge as Alberico regarding the sex of Plaintiff's judge.  Thus, this Court does not find Plaintiff has sufficiently stated an unlawful arrest/unlawful imprisonment claim against Scarpa-Yfantis with any facial plausibility.  Furthermore, Plaintiff does not allege that any

---

[1] A municipal court judge found probable cause in this case, albeit apparently after Plaintiff was arrested.  See ECF No. 1 at 13-19.  In cases where an arrest is effectuated pursuant to a warrant, a plaintiff needs to show that "(1) that the police officer 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;' and (2) that 'such statements or omissions are material, or necessary, to the finding of probable cause.'"  Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000) (quoting Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997)).  However, in this case, the documents Plaintiff attaches to his complaint indicate Plaintiff's arrest occurred prior to this warrant being issued.  See ECF No. 1 at 24.  Therefore, this standard does not apply.

of the remaining Defendants were involved in or the proximate cause of Plaintiff's arrest.[2]

B. Malicious Prosecution

Plaintiff next sues Defendants for malicious prosecution. A plaintiff needs to allege the following for a successful malicious prosecution claim:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007). Plaintiff fails to allege that the criminal proceedings on his terroristic threat charge ended in his favor. Smith v. Wagner, 573 F. App'x 94, 96 n.2 (3d Cir. 2014)(citing McKenna v. City of Phila., 582 F.3d 447, 461 (3d Cir. 2009)("[B]ecause Smith did not allege that the criminal proceedings at issue ended in his favor, he failed to state a claim of malicious prosecution[.]"). Therefore, this claim is dismissed without prejudice for failure to state a claim.

---

[2] While Defendant alleges Morante told Alberico Plaintiff's judge was female prior to the arrest, Plaintiff does not allege involvement by Morante in the arrest itself as he was a state court rather than a law enforcement employee.

11

C. Due Process

Finally, Plaintiff asserts his due process rights under the Fourteenth Amendment were violated by Defendants' actions related to his unlawful arrest and malicious prosecution. However, Plaintiff's allegations arise under the Fourth Amendment, not the Fourteenth Amendment's Due Process Clause. See Geness v. Cox, 902 F.3d 344, 354 n.5 (3d Cir. 2018) (citing Manuel v. City of Joliet, Ill., 137 S. Ct. 911, 919, 197 L. Ed. 2d 312 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment."); accord Albright v. Oliver, 510 U.S. 266, 274, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (plurality opinion)); see also Wheeler v. Wheeler, 639 F. App'x 147, 151 (3d Cir. 2016)("Redress for alleged false arrest or malicious prosecution "cannot be based on substantive due process considerations, but instead must be based on a provision of the Bill of Rights" such as the Fourth Amendment.").

Accordingly, Plaintiff's reliance on the Fourteenth Amendment's Due Process Clause is misplaced in this case. Therefore, this claim is dismissed with prejudice for failure to state a claim as any amendment would be futile.

V.   CONCLUSION

For the foregoing reasons, Plaintiff's complaint shall proceed against Defendants Simpkins and Alberico, but only on Plaintiff's unlawful arrest/unlawful imprisonment claims. Plaintiff's malicious prosecution claims are dismissed without prejudice.  Plaintiff's due process claims are dismissed with prejudice.

An appropriate order will be entered.


Dated: November 10, 2021                s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.